IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTOPHER GEORGE DUFFEK, | ) ) ) | |
| Petitioner, | ) ) | 8:19CV459 |
| v. | ) ) | |
| STATE OF NEBRASKA, | ) ) | MEMORANDUM AND ORDER |
| Respondent. | ) ) ) | |

This habeas corpus action is before me for initial review. It plainly appears from the petition and the files and records that the petitioner is not entitled to relief.[1] Therefore the petition for writ of habeas corpus will be denied and dismissed with prejudice. *See* Rule 4 of the *Rules Governing § 2254 Cases in the United States District Courts*.

On or about January 25, 2010, Petitioner entered a "no contest" plea to attempted murder in the second degree at what had previously been scheduled for a bench trial. He was sentenced to 25-40 years in prison. Petitioner was represented by

---

[1] I take judicial notice of the state court records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the *Justice* site. It is available at https://www.nebraska.gov/justicecc/ccname.cgi. The Nebraska Court of Appeals number for the direct appeal in this matter is CR 10-402 and the trial court number is CR 09 57.

Jeffery A. Pickens from Nebraska's Commission on Public Advocacy.[2] Mr. Pickens perfected an appeal, but on August 27, 2010, the Nebraska Court of Appeals summarily affirmed. There was no petition for further review submitted to the Nebraska Supreme Court. The files and records, including the petition itself, show that no state post-conviction action was filed either. This federal petition was not filed until October 21, 2019, more than nine years after the state proceedings concluded.

Petitioner recognizes that his habeas petition is far past the one-year statute of limitation set forth in 28 U.S.C. § 2244(d). But in answer to question 18 posed in the official form, Petitioner endeavors to excuse his late filing by in essence seeking equitable tolling:

> The Attorney Jeffery A Pickens failed to file petition under 28 U.S.C. for a writ of Habeas Corpus after my post conviction he withdrew from the case without telling me what to do for the next court proceedings I shouldn't be barred from filing this writ of habeas corpus petition because I didn't know anything that was going on when the Attorney Jeffery A Pickens was representing me so I feel that one year statute of limitations shouldn't apply to me.

Filing no. 1 at CM/ECF pp. 13-14.[3]

Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006); *see also Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable

---

[2] The Commission, a state entity designed to assist Nebraska counties, provides legal representation to indigent defendants charged with first degree murder and serious violent or drug related felonies. Mr. Pickens is currently the Commission's Chief Counsel. *See* <https://ncpa.nebraska.gov/>.

[3] None of the statutory exclusions found in § 2244(d)(1)(B)-(D) are implicated by the claims of Petitioner.

tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 534 U.S. 863 (2001).

The Eighth Circuit has reiterated, with respect to equitable tolling of the deadline for § 2254 petitions, "that '[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (citation omitted). I take that instruction seriously.

Here, Petitioner has not demonstrated that he pursued his rights diligently. After all, the petition in this case was late by over eight years.

Moreover, it is clear that nothing extraordinary stood in Petitioner's way. He endeavors to lay the responsibility for his late filing at the feet of his *state* public defender. But that will not fly even if I assume the doubtful proposition that Mr. Pickens was somehow ineffective for the reasons asserted by Petitioner and that such error occurred nine or so years ago.[4] *See, e.g., Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (no equitable tolling due to confusion about the law, court-appointed counsel's miscalculation, or petitioner's alleged mental incapacity). Indeed, ordinary ineffective assistance of counsel claims simply do not provide a basis for equitable tolling. *See*, *e.g.*, *Muhammad v. United States*, 735 F.3d 812, 816 (8th Cir. 2013) (denying equitable tolling and stating that an attorney's negligence or mistake as opposed to serious misconduct is not generally an extraordinary circumstance that could equitably toll one-year statute of limitations).

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of

---

[4] Since Mr. Pickens was a state public defender, I doubt whether he had any obligation to explain federal law.

habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the habeas corpus petition, Filing no. 1, is denied and dismissed with prejudice. No certificate of appealability has been or will be issued. Judgment will be issued by separate document.

DATED this 12th day of November, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge